JUDGE HELLERSTEIN

08 CV 5592

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JUN 20 2008
U.S.D.C. S.D. N.Y.
CASHIERS

---

HENGTONG SHIPPING DEVELOPMENT (HK) CO. LTD.,

Plaintiff,

- against -

THAN TINH CORP. d/b/a EROS EXPRESS CO. d/b/a EROS EXPRESS & TRADING CO.,

Defendant.

---

**VERIFIED COMPLAINT**

Plaintiff, HENGTONG SHIPPING DEVELOPMENT (HK) CO. LTD., (hereinafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, THAN TINH CORP. d/b/a EROS EXPRESS CO. d/b/a EROS EXPRESS & TRADING CO., (hereinafter referred to as "Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this Court's federal question jurisdiction, 28 United States Code § 1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with a principal place of business in Hong Kong.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with a principal place of business in Vietnam.

4. By a charter party entered into on April 25, 2008, Plaintiff voyage chartered to Defendant the M/V SUN LUCKY for carrying 31,500-33,500 metric tons of coal in bulk from Campha, Vietnam to Guangzhou, China. *See fixture note attached as Exhibit One.*

5. On May 5, 2008 Plaintiff informed the Defendant that the Vessel would arrive late and requested an extension of the laycan. The parties agreed that the laycan would be extended to May 10, 2008 on the condition that Plaintiff give a $10,000.00 discount off the total freight.

6. The vessel arrived at the load port on May 7, 2008 and the Notice of Readiness was tendered at 0500 hours.

7. On May 14, 2008 the Defendant breached the charter party by illegally cancelling/terminating the charter without legal justification. Defendant provided the explanation that the cargo was cancelled due to a new regulation and law in Vietnam. Defendant, however, has never provided particulars of said new regulation and law.

8. In an effort to mitigate damages, Plaintiff then immediately placed the vessel on the spot market, and a substitute cargo was fixed on May 20, 2008.

9. Plaintiff has suffered damages as a result of Defendant's breach in the total principal amount of $405,000. Specifically, prior to the fixture on the substitute cargo, Plaintiff lost 18 days in performing the charter from May 2, 2008 (the date when the vessel sailed for the load port) to May 20, 2008 (the date of the substitute fixture), at $21,500 per day, for a total of $387,000. The daily rate of $21,500 is calculated as follows: $13 (freight rate) x 33,000 metric

tons - $10,000 (agreed discount) + $54,000 ($18,000 (demurrage rate) x 3 days (time vessel would have been on demurrage at load port) = $473,000 / 22 days (the fixture would have taken from May 2, 2008 to May 24, 2008 to perform) = $21,500 per day.

10. Additionally, the substituted voyage was at a lower daily rate, i.e. $17,000 as compared to $21,500, such that the difference is $4,500. As such, Plaintiff's lost income for the period from May 20, 2008 (the date of the substitute fixture) to May 24, 2008 (the date on which the original fixture would have concluded) is $18,000.00 (4 days x $4,500).

11. Pursuant to the charter party all disputes must to be submitted to arbitration in Hong Kong with English Law to apply. Plaintiff is preparing to commence arbitration against Defendant. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the London arbitration in respect of its claim under the charter party:

| | | |
|---|---|---|
| A. | Principal claim for wrongful cancellation: | $405,000.00; |
| B. | Interest on principal claim at 7% compounded quarterly for three years: | $60,297.12; |
| C. | Attorneys' fees and costs of arbitration: | $50,000.00; |
| **Total:** | | **$515,297.12.** |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. *See Murphy Affidavit attached as Exhibit Two.* Upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order from this court directing the Clerk of Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate, if necessary, in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$515,297.12** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court.

E. That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court award Plaintiff its attorney's fees and costs of this action; and

G. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: June 20, 2008
New York, NY

The Plaintiff,
HENGTONG SHIPPING DEVELOPMENT (HK) CO LTD.,

By: ____________________

Charles E. Murphy (CM 2125)
LENNON, MURPHY & LENNON, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 -- fax
cem@lenmur.com

**ATTORNEY'S VERIFICATION**

State of New York )
) ss.: New York City
County of New York )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: June 20, 2008
New York, NY

Charles E. Murphy

# EXHIBIT 1

[illegible]

[illegible] DATE: [illegible] MAY 2008

STRICTLY PRIVATE & CONFIDENTIAL
ALL NEGOTIATION AND SUBSEQUENT FIXTURE OF THIS CHARTER PARTY SHALL NOT BE REPORTED NOR DECLARED TO OTHER PARTIES OTHER THAN [illegible] AND CHARTERER AS MENTIONED BELOW

1. OWNER: [illegible] Development [illegible] Co

2. CHARTERER: THAN TINH CORPORATION VIETNAM

3. VESSEL

M/V [illegible]
Panama flag
[illegible] Class [illegible] Japan, [illegible]
[illegible]
[illegible]
[illegible]
[illegible] Hatch size [illegible]
[illegible]
[illegible]
[illegible]
[illegible]

4. CARGO & QUANTITY
[illegible] CHARTERER OPTION BULK COAL

5. LOADING / DISCHARGING PORTS

1SAP 1SP CAMPHA, VIETNAM

1SAP 1SP GUANGZHOU CHINA

6. LAYCAN: 2-6 MAY 2008

7. FREIGHT: USD[illegible] PMT ON FIOST BSS 1/1

8. PAYMENT OF FREIGHT
FRT PAYABLE 100 PCT LESS COMM ONLY WITHIN [illegible] DAYS BUT ALWAYS BBB AFTER S/R BS/L MARKED "FRT PAYABLE AS PER C/P" OR "FRT PREPAID" IN STRICT CONFORMITY WITH M.R. IF FRT PREPAID BSL REQUIRED, THEN SAME TO BE RELEASED AGAINST OWNER BANK CONFIRM [illegible] RECEIPT OF OCEAN FREIGHT. FRT TO BE DEEMED EARNED UPON COMPLETING OF LOADING DISCOUNTLESS AND NON-RETURNABLE WHETHER VESSEL AND/OR CARGO LOST OR NOT LOST

9. LOADING/DISCHARGING RATE
LOADING [illegible] MTS PWWD OF 24 CONCS HRS SSHINC
DISCH [illegible] MTS PWWD OF 24 CONCS HRS SSHINC

10. DEMURRAGE/DESPATCH:
[illegible] PER DAY PRO RATA [illegible]

B) LAYTIME NON-REVERSIBLE
C) DEMURRAGE IF ANY TO BE SETTLED WITHIN 14 DAYS AFTER COMPLETION OF DISCHARGING OPS AND AFTER RCVG TIME SHEETS AND SOF SUPPORTED BY ALL RELEVANT DOCS SUCH AS NOR/SOF SIGNED/STAMPED BY MASTER AGENTS BENDS

11) AGENTS:
OWNERS AGENTS BENDS

12) DUES AND TAX: ANY DUES ON VESSEL/FREIGHT TO BE FOR OWNERS ACCOUNT SAME ON CARGO TO BE FOR CHTRS ACCOUNT SUCH AS ANY [illegible]

13) ARBITRATION IF ANY TO BE SETTLED IN HONGKONG, ENGLISH LAW TO APPLY

14) NOR TO BE TENDERED BENDS UPON VSL'S ARRIVAL WIBON/WIFPON AND OWNER TO ALLOW TURN TIME BENDS 12HRS UNLESS SOONER COMMENCE LAYTIME TO COUNT UNTIL COMPLETION OF LOADING/DISCHARGING OPERATION

15) OWNERS TO ALLOW CHTRS TO DISCH CARGOES W/O PRESENTATION OF ORIGINAL BOL BY PROVIDING WITH LOI IN [illegible]

16) HATCHES ALWAYS PERFECT WORKING CONDITION AT ALL TIMES DAY AND NIGHT MASTER TO BE PROVIDE SUFFICIENT POWER TO DRIVE ALL GEARS DAY AND NIGHT AND SUFFICIENT LIGHT EVEN DURING EXCEPTED PERIOD LAYTIME SHALL CEASE TO COUNT AS USED ON COMPLETION OF LOADING OF THE VESSEL.

17) 3.75% TTL ON F/D/D INCL 2.5% ADDCOMM + 1.25% FOR CAPT [illegible]

18) ALL OTHER TERMS AND CONDITIONS NOT MENTIONED HEREIN ARE SUBJECT TO GENCON CHARTER PARTY REVISED IN 1994

19) WEIGHT TO BE AS PER SHIPPERS DECLARATION AND TO BE DETERMINED BY [illegible] OR EQUIVALENT DRAFT SURVEY REPORT BENDS FR CHTRS ACCT [illegible]

20) FREE CONSUME TO VSL'S AGE/CLASS/FLAG/OWNERSHIP [illegible] ANY EXTRA CONTRIBUTION

21) OWS / VSL / MASTER ARE NOT RESPONSIBLE FR ANY SHORTAGE CLAIM AND WHATSOEVER CLAIM REGARDING DIFFERENCES IN TOTAL GROSS / NET WEIGHT AND DISCREPANCY BETWEEN CHRTRS / SHIPPERS AND RECEIVERS FIGURES

22) SINCE VSL IS GEARLESS CGO TO BE LOADED / DISCHARGED BY SHORECRANES/FLOATING CRANES AND/OR CONVEYOR EQUIPMENT [illegible] AND COST OF SAME TO BE FR CHRTRS ACCT

END

[illegible]

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENGTONG SHIPPING DEVELOPMENT (HK) CO. LTD.,

Plaintiff,

- against -

THAN TINH CORP. d/b/a EROS EXPRESS CO. d/b/a EROS EXPRESS & TRADING CO.,

Defendant.

08 Civ.

ECF CASE

**AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT**

State of Connecticut )
) ss: Town of Southport
County of Fairfield )

Charles E. Murphy, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

**DEFENDANT IS NOT PRESENT IN THE DISTRICT**

2. I have attempted to locate the Defendant, THAN TINH CORP. d/b/a EROS EXPRESS CO. d/b/a EROS EXPRESS & TRADING CO., within this District. As part of my investigation to locate the Defendant within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendant. I also performed a Google

search on the Internet. Finally, I checked the New York State Department of Corporations' online database which showed no listings or registration for the Defendant.

3. I submit based on the foregoing that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4. Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendant.

**PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER**

5. Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy Peterson or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Maritime Attachment and Garnishment and/or the Verified Complaint, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendant.

6. Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendant.

7. To the extent that this application for an Order appointing a special process server

with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishes to be identified in the writ.

**PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES**

8. Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendant, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

**PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS**

9. Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, to authorize service of process via facsimile or e-mail following initial *in personam* service.

Dated: June 20, 2008
Southport, CT

Charles E. Murphy

Sworn and subscribed to before me
This 20th day of June 2008.

Notary Public/~~Commissioner of Superior Court~~